28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosalee EVANS, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS, et al., Defendants-Appellees.
 No. 93-16060.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
As amended Oct. 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosalee Evans, a federal prisoner, appeals pro se the district court's summary judgment for prison officials in her Bivens[1] action alleging prison officials violated the Eighth Amendment because they failed to adequately protect her from the threat of serious injury from another inmate. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a motion for summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of the elements essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 4
 The Eighth Amendment requires prison officials to protect prisoners from the threat of violence. Farmer v. Brennan, 114 S.Ct. 1970, 19771 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). To establish an Eighth Amendment violation, a prisoner must show that prison personnel acted with "deliberate indifference" to the inmate's need for a safe environment. Farmer, 114 S.Ct. at 1977. Deliberate indifference requires that a prison official "knows of and disregards an excessive risk" to the inmates safety. Id. at 1979. A prison official may be found to have known of a substantial risk if that risk was obvious. Id. at 1981. Nevertheless, officials may be free from liability if they "responded reasonably" to a known risk. Id. at 1982-1983.
 
 
 5
 Evans contends that prison officials violated the Eighth Amendment when they housed her for almost a year in the same prison as Gladys Anderson. According to Evans, Anderson's testimony before the grand jury contributed to Evans's indictment. Evans contends that during the time she was incarcerated at Pleasanton, Anderson made threats against her, circulated rumors that Evans was a snitch, and attempted to physically attack her.
 
 
 6
 In support of their motion for summary judgment, prison officials submitted affidavits and correspondence which indicate the following. Upon her arrival at the prison, Evans informed officials that she was in danger from Anderson because of Anderson's grand jury testimony. In response, prison officials placed Evans in the Separate Housing Unit ("SHU") for five days while investigating her claim with the Prison's Central Office. According to the Central Office, Anderson never testified against Evans and there was no official recommendation that the two be separated. Prison officials then met with Evans and Anderson to determine whether the two could be housed together. At that meeting, both prisoners apparently assured officials that they could get along. Evans was then released into general custody, but housed in a separate building from Anderson. The two saw each other during mealtimes and on the prison yard.
 
 
 7
 For the next several months, it appeared that Evans and Anderson were getting along and had become friends. Subsequently, however, Evans reported that Anderson was threatening her and circulating rumors that she was a snitch. In response, officials placed Anderson in the SHU for about 35-45 days. While in the SHU, Anderson lost a coveted job and was compelled to withdraw from the witness protection program. By the time Anderson got out of SHU, officials had decided to separate Anderson and Evans due to the animosity that had developed between the two. On September 12, 1991, the Central Office issued a separation order of the two based on security reasons. Prison officials then placed Anderson in the SHU a second time, apparently to protect her from Evans. After this second confinement, both Evans and Anderson were transferred to other institutions.
 
 
 8
 According to Evans, after Anderson's first release from the SHU she attempted to attack Evans. When Evans reported the incident to defendants and requested a transfer, she was told that there was no record indicating that she and Anderson could not be housed together. Evans and Anderson were then apparently allowed to be in the general population together for eight months despite Evans's repeated complaints to prison officials about Anderson being a threat to her safety. Evans contends that throughout this time she "constantly thought about suicide" and was "scared out of [her] wits twenty four hours a day." The evaluation notes of the prison psychiatrist submitted by Evans reveal that Evans was depressed and angry at Anderson and was afraid that she herself might initiate an attack. There is no indication in the notes that Evans was afraid of Anderson attacking her.
 
 
 9
 Given these circumstances, we agree with the district court that Evans has failed to raise a triable issue of fact as to whether defendants were "deliberately indifferent" to her safety. The record reveals that defendants were unaware for some time of the animosity between Anderson and Evans. Moreover, when defendants did become aware of the threat of harm to Evans they took reasonable measures to prevent it. Although an earlier transfer may have been preferable to Evans, a dispute, in hindsight, over the existence of arguably superior alternatives does not raise a triable issue of fact as to whether the defendants were deliberately indifferent. See Berg, 794 F.2d at 462. Accordingly, the district court did not err by granting summary judgment for the defendants on Evans's Eighth Amendment Claim. See Anderson, 477 U.S. at 252.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)